AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)        ☐ Original   ☐ Duplicate Original

```
LODGED
CLERK, U.S. DISTRICT COURT
2/13/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___ASI___ DEPUTY
```

# UNITED STATES DISTRICT COURT

for the

Central District of California

United States of America

v.

GERMAN SOTO-MENDOZA,
   aka "Herman Soto,"
   aka "German Nunez,"
   aka "German Soto,"
   aka "Antonio Hernandez,"
   aka "Gehytmar Soto Mendoza",

          Defendant.



```
FILED
CLERK, U.S. DISTRICT COURT
02/13/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___KL___ DEPUTY
```

Case No. 2:25-mj-00738 -DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

    I, Zaira Bonilla, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the date of July 24, 2021, in Los Angeles County, in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the United States Following Deportation |

   This criminal complaint is based on these facts:

   *Please see attached affidavit.*

   ☒ Continued on the attached sheet.

                                            /s/
                                          *Complainant's signature*

                                          Zaira Bonilla, Deportation Officer – DHS-ICE
                                          *Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: February 13, 2025

                                          Alicia G. Rosenberg
                                          *Judge's signature*

City and state: Los Angeles, California        Hon. Alicia G. Rosenberg, U.S. Magistrate Judge
                                                                           *Printed name and title*

AUSA: Matt Coe-Odess (x8957)

**AFFIDAVIT**

I, Zaira D. Bonilla, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against German SOTO-Mendoza, also known as "Herman Soto," "German Nunez," "German Soto," "Antonio Hernandez," and "Gehytmar Soto Mendoza" charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF DEPORTATION OFFICER ZAIRA D. BONILLA

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS") since September 2015. I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field

office.  Prior to working for ICE as a DO, I worked as an Immigration Enforcement Agent with ICE since September 2006.

### III. STATEMENT OF PROBABLE CAUSE

4.   On or about July 24, 2021, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint information that SOTO was in the custody of Los Angeles Police Department ("LAPD").  On or about that same day, the PERC lodged a DHS Immigration Detainer with the LAPD.  SOTO is not currently in custody with LAPD.

5.   Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States.  I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

6.   I also know that when an individual is fingerprinted by ICE (or its predecessor agency, INS), the individual is issued a Fingerprint Identification Number ("FIN").  The FIN is then automatically associated with the individual's A-Number.  In this case, SOTO's fingerprints were assigned the FIN number 13993263, which was then linked to A-Number 077-318-777 based on prior fingerprints located in the DHS "A-File" bearing the number A077318777.

7.   On or about February 8, 2025, I reviewed the Immigration Alien Query ("IAQ") electronic notification associated with SOTO's June 10, 2024, arrest for DUI, and saw

that the FIN associated with the IAQ was FIN 13993263. I thus confirmed that the individual arrested on June 10, 2024, was SOTO, a previously deported alien.

8. On or about February 8, 2025, I obtained and reviewed DHS A-File A077-318-777, which is maintained for the subject alien "German Soto-Mendoza." The DHS A-File contained the following documents and information:

a. Two executed Warrants of Removal/Deportation (Form I-205) indicating that defendant was officially removed from the United States on or about June 27, 2000, and August 12, 2002. I know from my training and experience that a Warrant of Removal is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint. The executed Warrant of Removal/Deportation in defendant's DHS A-File contained his photograph, signature, and fingerprint.

b. A certified conviction record showing that defendant was convicted on or about January 6, 1998, of Possession of Cocaine Base for Sale, in violation of California Health and Safety Code Section 11351.5, in the Superior Court of California, county of Los Angeles, Case Number BA161623, for which defendant was sentenced to a total term of three years' imprisonment.

c. A certified conviction record showing that defendant was convicted on or about February 20, 2001, of Assault Upon a Peace Officer, in violation of California Penal

3

Code Section 245(c), Resisting an Executive Officer, in violation of California Penal Code Section 69, Inflict Corporal Injuries to Spouse, in violation of California Penal Code Section 273.5(a) in the Superior Court of California, county of Los Angeles, Case Number BA211526, for which defendant was sentenced to a total term of three years' imprisonment.

     d.  Various documents, in addition to the Warrant of Removal/Deportation, indicating that defendant is a native and citizen of Mexico. These documents included an Order of Final Administrative Removal Order (I-851A form), dated June 27, 2000, ordering defendant removed to Mexico.

    9.  On or about February 8, 2025, I reviewed printouts from the Criminal Identification Index ("CII"). Based on my training and experience, I know that the CII database tracks and records arrests and convictions of individuals according to an individual's CII number. The CII printouts confirmed that defendant had been convicted of the crimes reflected on the documents contained in defendant's DHS A-File.

    10.  On or about February 8, 2025, I reviewed printouts from ICE computer indices on defendant. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that defendant had been removed, deported, and/or excluded on the date indicated on the Warrant of Removal/Deportation, found in defendant's DHS A-

File.  The ICE computer indices further indicated that defendant had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

11.  Based on my review of defendant's DHS A-File, I determined that it does not contain any record of his ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.  Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in defendant's DHS A-File.

## IV. CONCLUSION

12.  For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 13th day of
February 2025.

_____
HONORABLE ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE